UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH BELL, individually, and as
Assignee of RAUL ALONZO PELAEZ and
AZOR JOSE PIMENTA,

      Plaintiff,

vs.                                    CASE NO.:

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, a foreign for
profit insurer,

      Defendant.
_____/

**DEFENDANT, ALLSTATE FIRE AND CASUALTY**
**INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY (Allstate), pursuant to 28 U.S.C. Sections 1332, 1441 and 1446, files this Notice of Removal and states as follows:

1. On or about January 25, 2023 Plaintiff, JOSEPH BELL, individually, and as Assignee of RAUL ALONZO PELAEZ and AZOR JOSE PIMENTA (Plaintiff) filed suit against Defendant Allstate in Case No. 23-CA-000684, in the Circuit Court in and for Hillsborough County, Florida (the removed action).

2. The removed action presents a four-count complaint against Allstate. Count I is a claim for declaratory judgment under an automobile insurance policy.

Count II is a claim for breach of contract with respect to "liability" coverage under the automobile insurance policy (liability coverage covers bodily injuries). Count III is a claim for breach of contract with respect to "supplementary payments" coverage under the automobile insurance policy (supplemental payments coverage – which Allstate refers to as additional payments – covers certain expenses, court costs incurred, and interest accrued). Count IV is a claim for common law bad faith against Allstate which seeks to recover amounts "that are not otherwise covered" by the policy. All Counts seek awards of attorney's fees with a multiplier pursuant to section 627.428, Florida Statutes.

3. In the Complaint, Plaintiff alleges that he "sustained serious and permanent bodily injuries" in a motor vehicle crash in Hillsborough County, Florida that involved a 2006 Toyota Tacoma owned by Azor Jose Pimenta and driven by Raul Alonso Pelaez. *See* Complaint at ¶5.

4. In the Complaint, Plaintiff alleges that Allstate issued an automobile insurance policy to Azor Jose and Rosangela Pimenta that included bodily injury liability coverage. *See* Complaint at ¶6.

5. The Complaint outlines a coverage dispute between Plaintiff and Allstate regarding coverage for the 2006 Toyota Tacoma. *See, e.g.*, Complaint at ¶¶7-10.

6. In the Complaint, Plaintiff alleges that he sued Azor Jose Pimenta and Raul Alonso Pelaez; that Allstate did not defend the underlying lawsuit; and that he recovered two judgments against Pimenta and Pelaez in the total amount of $48,309.42 (which have been accruing interest for 5-7 months). *See, e.g.*, Complaint at ¶¶17, 25, 32. Plaintiff further alleges that he obtained unqualified assignments "of any and all rights under the Policy" from Pimenta and Pelaez, that he is a third party beneficiary of the Policy, and that he has all rights under the Policy to pursue this action. *See* Complaint at ¶¶34-36.

7. Plaintiff now seeks full recovery of his judgments from Allstate under several theories: amounts owed under various coverages of the automobile insurance policy; extra-contractual damages in excess of the policy limits caused by Allstate's alleged bad faith; and statutory attorneys' fees.

8. At all material times Plaintiff was and is a citizen of Florida. To the extent the citizenship of the unqualified assignors is relevant, Pimenta and Pelaez were at all material times citizens of Florida.

9. At all material times Defendant Allstate was and is a citizen of Illinois because Allstate is an Illinois corporation with its principal place of business in Illinois.

10. There is complete diversity of citizenship in this removed action.

11. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs of the instant action. When considering the jurisdictional amount, the "pertinent question is what is in *controversy* in the case." *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 751 (11th Cir. 2010); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F. 3d 1312, 1315 (11th Cir. 2014)("how much will be put at issue during the litigation"). As noted, the Complaint seeks to hold Allstate liable for judgments entered in the underlying lawsuit which totaled $48,309.42 when entered. Among other things, Plaintiff specifically alleges that the judgments sued upon fall within Allstate's "liability" and "supplemental payments" coverages. In addition, the Complaint contains claims for recovery of statutory attorney's fees; and Plaintiff expressly demands "a multiplier." *See* Complaint at ¶38 and pages 13, 14, 16, and 23-24.

12. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Ind. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Mohamed v. Geovera Ins. Co.*, 2022 WL 4730947 at *3 (M.D. Fla. 2022)(court is "entitled to employ its judicial experience and common sense in estimating the value of attorney's fees likely recoverable in a given case" and "may look to evidence in the record to predict the amount of fees the plaintiff would likely recover over the course of litigation");

*South Florida Wellness, Inc.*, 745 F. 3d at 1317 ("Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision.").

13.  The record, including documents prepared, filed and served by Plaintiff's attorneys so far, demonstrates that this litigation involves a significant attorney's fee claim which alone presents a substantial amount in controversy. The attorneys in the underlying action (which was simple and essentially undisputed) had hourly rates between $400 to $650 and expended 37.3 hours. *See* Complaint at Exhibit "5." The rates and hours in this action (which is complex and highly disputed) are reasonably expected to be significantly higher. And substantial hours have already been expended by Plaintiff's attorneys. The Complaint is based on a complex fact pattern and comprises four counts, 24 pages, 82 paragraphs and includes numerous exhibits. The Complaint contains multiple discussions of Florida law and case decisions reflecting that extensive legal research was already conducted. *See* Complaint at pages 5, 7-9, 16, and 21-22. Plaintiff also drafted and served extensive discovery along with the Complaint: 21 numbered interrogatories and 38 numbered requests for production. Plaintiff's attorneys have already expended substantial time and, based on their claims/discovery, anticipate expending considerable more time in this case. And Plaintiff wants a multiplier which could increase the fee recovery by a factor of 2.5 times the loadstar. *See Standard Guaranty Ins. Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990). Based

on the available information, it is clear that, whether the claim for statutory attorney's fees is viewed from the perspective of the amount incurred to date versus the amount through final judgment, the $75,000 amount in controversy is clearly shown when all categories of claimed damages are considered.

14. Courts have upheld removal in analogous insurance cases finding that reasonable attorney's fees added to the insurance claims satisfied the amount in controversy. *See*, *e.g.*, *Mohamed v. Geovera Ins. Co.*, 2022 WL 4730947 (M.D. Fla. 2022)(amount in controversy established for removal when reasonable attorney's fees would be considered at least $33,000 based on $350 per hour); *Mirras v. Time Ins. Co.*, 578 F.Supp.2d 1351 (M.D. Fla. 2008)(amount in controversy established for removal when plaintiff's reasonable attorney's fees would be considered at least $28,000 based on $350 per hour). Even using the amount from either decision raises the controversy in this action above $75,000. But this action presents a stronger showing for removal because it presents a higher fee claim. As noted, the hourly rates in this action will be substantially higher than the $350 rate considered in those decisions; also, Plaintiff seeks a multiplier which increases the amount of the attorney's fee controversy even more.

15. As set forth in the Notice of Service of Process, which is being filed with this removal, Defendant Allstate was served with the summons and complaint in the state court action on January 31, 2023. This Notice of Removal has thus been

filed within thirty (30) days of service on the defendant and is otherwise timely under 28 U.S.C. Section 1446 (b).

16. Pursuant to 28 U.S.C. Section 1446 (a), this Notice of Removal is filed in the United States District Court for the district and division within which the state court action was pending. The action was removed from Hillsborough County. *See also* M.D. Local Rule 1.06(a).

17. Further, contemporaneous with this Notice, Defendant is filing copies of each paper docketed in the state court. *See* M.D. Local Rule 1.06(b).

18. Pursuant to 28 U.S.C. Sec. 1446 (d), a copy of this notice has been sent to all adverse parties and to the clerk of the state court action.

WHEREFORE, Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, removes the aforementioned state court action to this Court for all further proceedings.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will serve a Notice of Electronic Filing to **Andrew Klymenko** and **Jeffrey T. Coleman** (counsel for Plaintiff) at pleadings@ckflalaw.com, aklymenko@ckflalaw.com and jcoleman@ckflalaw.com. I further certify that I mailed the foregoing document and

the notice of electronic filing by first-class mail to the following non-CM/ECF participants: **none**.

                        s/ David B. Shelton
                        DAVID B. SHELTON
                        Florida Bar No. 0710539
                        E-mail:  dshelton@rumberger.com
                                (primary)
                                docketingorlando@rumberger.com and
                                dsheltonsecy@rumberger.com
                                (secondary)
                        RUMBERGER, KIRK & CALDWELL, P.A.
                        300 South Orange Avenue, Suite 1400
                        Orlando, Florida  32801
                        Tel:   407.872.7300
                        Fax:  407.841.2133
                        **Attorneys for Defendant**